IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO. 7-18-CV-303 |
| | § | |
| 26.000 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN HIDALGO COUNTY, | § | |
| STATE OF TEXAS; AND THE PHARR | § | |
| ORATORY OF ST. PHILIP NERI OF | § | |
| PONTIFICAL RITE, A TEXAS | § | |
| NON PROFIT CORPORATION, | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANT THE PHARR ORATORY OF ST. PHILIP NERI OF PONTIFICAL RITE, A TEXAS NON PROFIT CORPORATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT **THE PHARR ORATORY OF ST. PHILIP NERI OF PONTIFICAL RITE, A TEXAS NON PROFIT CORPORATION** (hereinafter at times referred to as "Defendant") and files this its original answer under authority of Rule 71.1(e)(2) of the Federal Rules of Civil Procedure to the UNITED STATES OF AMERICA's Complaint in Condemnation, Declaration of Taking and Notice of Condemnation and in support thereof would respectfully show as follows:

### RESPONSES TO COMPLAINT IN CONDEMNATION (DOCUMENT 1)

1.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.      Defendant admits the allegations in section 2, subject to its objections and defenses hereinafter.

3.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5.      Defendant owns the full fee simple absolute title and estate in all of the land involved in this condemnation action, by a deed recorded in the Deed Records of Hidalgo County, Texas, filed for record on January 19, 1978 as document number 1978-2056.

6.      To the extent that number six requires an answer, Defendant objects to the extent that said proposed condemnation does not justly compensate Defendants for all the land being affected by the temporary taking and does not compensate adequately for or clarify clearly for the persons who live on Defendant's property the uninterrupted right to continue to live there, use its library, use the chapel for mass and other religious worship, and the other facilities there. Among the other facilities is an old house, which contains old records and archives belonging to the Pharr Oratory Fathers, which need to be preserved.

7.      Defendant asserts that it is the undivided fee simple owner of all the land affected by this condemnation suit.

8.      To the extent an answer is required, Defendant again claims a full fee simple absolute undivided interest in the property affected.

## RESPONSES TO THE DECLARATION OF TAKING (DOCUMENT 2)

1.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 2.

3.      Defendant admits the allegations in section 3.

4.      Defendant admits the allegations in section 4.

5.      Defendant owns a full absolute undivided fee simple estate in all of the land involved in this condemnation action, by a deed recorded in the Deed Records of

Hidalgo County, Texas filed for record on January 19, 1978 as document number 1978-2056.

6.   Defendant denies that the sum estimated is just compensation for the temporary assignable easement being sought or condemned.  Defendant asserts that the just compensation is much greater and that the Plaintiff has not taken into the account the entire effect on the entire tract of 26.000 acres being sought to be temporarily taken.   Pursuant to Rule 71.1(h)(1)(B), Federal Rules of Civil Procedure, Defendant requests a trial by jury to establish the just and fair compensation for the land of 26.000 acres being temporarily taken or sought and for damages that may result from the temporary take.

7.   Defendant asserts that it is absolute undivided fee simple owner of all the land affected by this condemnation suit.  To the extent that the Hidalgo County Tax Assessor Collector or other tax bodies should be notified, then same can occur.

8.   Defendant admits that efforts were made to negotiate the acquisition of the property interest sought. However, because of the activities on the property being used as a residence, a chapel for religious services and other activities Defendant believes all this was not taken into consideration in seeking the temporary easement.

## DEFENDANTS' OBJECTIONS AND DEFENSES

Pursuant to Rules 71.1(e)(2) Defendant sets out all the following as objections and/or defenses to the complaint in condemnation and declaration for taking of a temporary assignable easement on the entire 26 acres. Defendant would show the following:

1.   Plaintiff has failed to clearly identify whether its offer takes into consideration or provides any damages separately to that portion of the property being used by the Plaintiff, for its survey and other activities.

2.   That the Plaintiff has failed to provide just and adequate compensation for the land of 26.000 acres being temporarily taken.

3.   That the Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103. Said negotiations should be a condition prior to entry onto the property after the taking has been completed. Defendant acknowledges that the Plaintiff's representatives consulted with the Defendant and its attorney and in fact visited the site in question. As a result of these discussions there should of have been no request for a temporary taking based on the religious activities that take place on the property, the residence, library and other structures.

4.      To that extent that parts of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, sections 4601, et. seq. may apply that the Plaintiff be required to comply with those provisions, before any temporary possession or taking of a temporary assignable easement is allowed.

5.      That any order of possession be done in compliance with Title 40 USCA, section 3114.

6.      In the alternative, that the Court fix the time and the exact terms on which the Plaintiff may take possession of the 26.000 acres.  In connection with this, four persons live on the property, three Roman Catholic priests and a seminarian. There is a chapel where mass and other catholic religious services are regularly conducted. There is a library that is used by the priests and seminarian that live on the 26 acres and other persons all requiring limitations on the request for temporary possession and the Plaintiff's activities to take place there. Other activities that take place there are use of the chapel for retreats and other events throughout the entire property. Also, there are different Catholic churches in the area that make use of the chapel and additional masses are conducted there in addition to the masses conducted on Sundays.

7.      To the extent that the proposed declaration of taking violates the Religious Freedom Restoration Act of 1993 codified at 42 USC section 2,000bb through 42 USC section 2,000bb-4 also known as RFRA, the Defendant would object to the taking. In connection with this the Defendant would show that on the 26 acres it has a chapel where mass and other Catholic religious services are conducted by the priests who live on the property. It has a library that is used by the three priests and seminarian who live on the 26 acres. The proposed temporary taking would significantly impact these religious activities. The proposed area to be surveyed is within a few days of the library and chapel noted herein above.

8.      To the extent that the proposed declaration of taking for survey and temporary possession conflicts with the First Amendment of the United States Constitution and the priests and seminarian who live on the Defendant's property the uninterrupted right to exercise their Freedom of Religion, Defendant objects to the taking. Even the proposed temporary taking could certainly impede or interrupt the Freedom of Religion for the priests and seminarian living on the property. Defendant would further assert that there can be no waiver of the rights of these individuals to exercise their First Amendment right of freedom of religion.

9.      To the extent that the National Historic Preservation Act 54USCA section 300101, et.seq. requires federal agencies to decide if their projects may adversely impact a historic property and cultural resource, and to the extent that the Act may apply herein, Defendant objects and requests that the Court require the Plaintiff Government to comply with all aspects of this or any other statues concerning any

activities that the Plaintiff may be allowed to perform on the proposed area to be taken for temporary possession.

10.    Defendant requests a trial by jury as noted hereinabove pursuant to Rule 71.1(h)(1)(b) of the Federal Rules of Civil Procedure to determine, just compensation of the 26.000 acres temporarily taken.

11.    Defendant has not been provided with any documentation as to how the Plaintiff arrived at the value in the offer or deposit made.

12.    Answering further, Defendant reserves all rights it may have under Title 28 USCA, section 2412, the Equal Access to Justice Act to recover attorneys fees for the condemnation.  Also see USA vs. 329.73 acres of land, et. al., 704 F 2d 800(5ᵗʰ Cir.1983, en banc)

13.    Defendant also reserves its right to receive additional interest on any final award of compensation as provided for in Title 40 USCA, section 3116.

14.    Defendant reserves its right to receive all adequate written notices which may be required before any entry on to the 26.000 acres, which are being sought. And in connection with this ask Defendant asks for that to be part of any terms and conditions in any order of possession. This is especially important in light of the property being a residence for several persons and having various activities taking place including a mass on Sunday and other days or special occasions which could have many people present.

15.    Defendant objects to the extent that the public purpose for which the interest in the property is being taken exceeds the statutory authorization in Title 8 USCA, section 1103(b) and note.  Upon information and belief that statute provides for reinforced fencing and also provides for the installation of additional physical barriers, roads, lighting, cameras, and sensors to gain operational control of the southwest border.  To the extent that said public purpose noted by Plaintiff exceeds or contradicts the statute and does not define related structures, Defendant objects.  Plaintiff has identified public purpose in Section 4 of the Complaint in Condemnation; and Schedule B attached to the complaint and the Declaration of Taking and Notice.

16.    The amendments of Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007) require that the construction of fencing by situated "along the border". Defendant objects to the taking of its land since it is neither situated on or adjacent to the U.S. – Mexico border as defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas,* 62 F. Supp. 181, 194 (S.D. Tex.1945) and the Supreme Court in *U.S. v. Louisiana,* 363 U.S. 1, 36, 48; 80 S. Ct. 961; 4 L.Ed. 2d 1025 (1960). Defendant asserts that Plaintiff does not have authority under the enabling statute

to condemn Defendant's property because it is outside of the scope of the property authorized for condemnation by Congress. Answering further because of the extremely closed proximity to some of the buildings in question to the areas to be surveyed it would almost be impossible to place any "related structures" on the Defendants property. Therefore, Defendant requests that it be clarified what the other "related structures" are.

17.     Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007), requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, *local governments*, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which such fencing is to be constructed."(*emphasis added*) Plaintiff has failed to conduct meaningful consultation with the representatives of Defendant's community prior to filing this complaint in condemnation. Plaintiff's failure to conduct meaningful consultation deprives Plaintiff of any authority to engage in temporary possession and condemnation of Defendant's property at this time.

18.     To the extent that the condemnation at this time does not conform with the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

19.     To the extent that the proposed condemnation had failed to comply with all the guidelines set out of the Department of Homeland Security's Brochure entitled Acquiring Real Property for Border Security Infrastructure in Support of the Secure Border Initiative, Defendant objects.

20.     To the extent that the Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendant objects.

21.     To the extent that the waiver published in the Federal Register on October 11, 2018 submitted by the Department of Homeland Security waiving several federal statutes including various environmental statutes, Defendant objects to the extent that this waiver could be in non compliance with federal law. Further to the extent that any Court was to issue an injunction or restraining order against said waiver and requiring the compliance with the various federal statutes listed in said waiver submitted as document citation 83FR51472 found at pages 51472-51474 of the federal register and reflected as documents number 2018-22063, Defendant would join In any such request for injunction relief.

22.     Defendant further reserves the right to file additional objections or defenses to the temporary taking by the Plaintiff, United States of America if circumstances change, or any amendments are filed by the Plaintiff.

WHEREFORE, Defendant The Pharr Oratory requests that:

1.   Judgment be rendered denying Plaintiff's right to condemn of a temporary assignable easement or for any other purpose Defendant's above-referenced property of 26.000 acres.

2.   In the alternative, if the property of 26.000 acres is taken under a temporary assignable easement then this Honorable Court consider all the objections and defenses set out hereinabove, before granting possession and place reasonable limitations on said temporary possession.

3.   Defendant be allowed recovery of its expenses for attorney fees in defending against this condemnation action pursuant to the provisions therefore in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) if applicable and to the Equal Access to Justice Act, Title 28 USCA, section 2412, if applicable.

4.   The Court grants Defendant such other and further relief as the Court deems proper.

5.   Defendant requests a trial by jury, pursuant to Rule 71.1(h) (1) (B) on the issue of just and adequate compensation.

Respectfully submitted,
**THE PHARR ORATORY OF ST. PHILIP NERI OF PONTIFICAL RITE, A TEXAS NON PROFIT CORPORATION, Defendant**

By:   ___/s/ David C. Garza_____
**David C. Garza (Attorney in charge)**
Texas State Bar No. 07731400
Southern District of Texas ID No. 3778
dgarza@garzaandgarza.com
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
P.O. Box 2025
Brownsville, Texas  78522-2025
Telephone: (956) 541-4914
Fax: (956) 542-7403
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018, I electronically filed the foregoing original answer by Defendant with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record and that I emailed a copy to the following:

**John A. Smith III**
Assistant United States Attorney
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Tel.: (361) 888-3111
Fax: (361) 888-3234
Email: jsmith112@usdoj.gov

**Megan Eyes**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Hwy. 83, Suite 600
McAllen, Texas 78526
Tel.: (956) 548-2554
Fax: (956)h 548-2776
Email: megan.eyes@usdoj.gov

                                                    _____/s/ *David C. Garza*_____
                                                           David C. Garza